UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BAC HOME LOANS SERVICING, LP,

    Plaintiff,                                    Case No. 1:11-cv-1049

v                                                      HON. JANET T. NEFF

SUSAN FULWILER, et al.,

    Defendants.
_____/

**OPINION AND ORDER**

This is a state-law foreclosure case that Defendant Fulwiler removed to this Court. Defendant also filed a motion to proceed *in forma pauperis*. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court deny Defendant's motion because Defendant failed to submit an affidavit of assets sufficient to determine if she qualifies for *in forma pauperis* status. The matter is presently before the Court on Defendant's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections, adopts the Report and Recommendation, and issues this Opinion and Order.

Defendant first states that she "voluntarily submitted an affidavit . . . to advise and invoke the court's ability to proceed without fees" and that her "unrebutted affidavit clearly illustrates [Defendant's] inability to pay $350 to the court" (Def. Obj., Dkt 14). While Defendant's affidavit (Def. Aff., Dkt 2) presents facts that demonstrate some level of financial hardship, the affidavit does not provide the level of detail required for the Court to determine if *in forma pauperis* is appropriate.

Defendant's objection is therefore denied.

Defendant next objects to what she characterizes as implications of the Report and Recommendation that "access to the court is a privilege when it is a right" and that "access to the court is fiscal and not lawful" (Def. Obj., Dkt 14).  Further, Defendant requests clarification as to the legal basis of the requirement that she pay a fee or submit a specific affidavit and objects to "the court's attempt to deny due process claiming that I must pay for a privilege when I am actually exercising a right under the Constitution . . ." (*id.*).

Under 28 U.S.C. § 1914(a) a party "instituting any civil action . . . whether by original process, removal or otherwise . . ." must pay a fee of $350.00.  While access to the courts is a right, it is a right that comes with responsibilities, one of which is paying a fee unless the inability to pay can be clearly established.  Because Defendant has neither paid the filing fee nor submitted an affidavit sufficient to determine her inability to pay, her objection is without merit.

Finally, Defendant objects to the "conversion" of the following designations of parties contained in her complaint:  (1) "Third Party Plaintiff/Defendant Susan-Ann: Fulwiler" to "Defendant" (Def. Obj., Dkt 14); and (2) "Third Party Defendant/Respondent BAC Home Loans Servicing, LP" to "Plaintiff" (*id.*).  Defendant also objects to "the court's removal of Third Party Defendant/Respondents: Donald J King . . .; Trott & Trott, P.C.; 62A District Court" (*id.*).

Plaintiff's Notice of Removal is an attempt to remove from state court a case BAC Home Loans Servicing, LP (BAC) initiated against Susan Fulwiler (Dkt 1).  The Notice of Removal does not contain any third-party claims against Donald J. King, Trott & Trott, P.C., or the 62-A District Court of Michigan; therefore, these entities are not properly joined as parties to this case. Defendant's argument is without merit, and her objection is therefore denied.

For the foregoing reasons, this Court adopts the Magistrate Judge's Report and Recommendation to deny Defendant's motion. Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 14) are DENIED, and the Report and Recommendation (Dkt 12) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Leave to Proceed *in forma pauperis* (Dkt 2) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Defendant shall pay the $350.00 filing fee within 28 days of entry of this Order, or risk having her federal case remanded without prejudice.

Date: March 19, 2012

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge